UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NUMBER: _____

JAMES RODGERS,

       Plaintiff,

vs.

LJ CLARK CONSTRUCTION, INC.,
a Florida Corporation, JOHN GOMEZ, and
ERNESTO GONZALEZ,

       Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, JAMES RODGERS, by and through his undersigned counsel, and sues the Defendants, LJ CLARK CONSTRUCTION, INC. ("LJCC"), JOHN GOMEZ ("Mr. Gomez"), and ERNESTO GONZALEZ ("Mr. Gonzalez") (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1.     This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Emergency Paid Sick Leave Act ("EPSLA") under the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over their controversy based upon the EPSLA of the FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3.      At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendants.

4.      At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the EPSLA of the FFCRA.

5.      At all times material hereto, LJCC was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the EPSLA of the FFCRA.

6.      At all times material hereto, Mr. Gomez was a managerial employee of LJCC, and acted directly in the interests of LJCC in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of LJCC, and is an employer as defined by the EPSLA of the FFCRA.

7.      At all times material hereto, Mr. Gonzalez was a managerial employee of LJCC, and acted directly in the interests of LJCC in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of LJCC, and is an employer as defined by the EPSLA of the FFCRA.

## STATEMENT OF FACTS

8.      The Plaintiff was an employee for the Defendant since August 17, 2020.

9.      During Plaintiff's employment, he was a satisfactory employee.

10.      On or about October 20, 2020, Plaintiff advised Mr. Gomez that he was not feeling well, but Mr. Gomez informed Plaintiff to go in to work anyway.

11.      The next day, Plaintiff was still not feeling well, experiencing potential COVID-19 symptoms, prompting Plaintiff to get tested.

12.     Plaintiff informed Defendants, specifically Mr. Gomez and Mr. Gonzalez, about the symptoms and the test, and inquired about his pay while he was awaiting test results.

13.     Mr. Gomez informed Plaintiff that Defendants did not have to pay Plaintiff because he was "not on the schedule," which was false considering Plaintiff was on the schedule for his normal hours.

14.     From there, despite Plaintiff's attempts to contact Mr. Gomez or Mr. Gonzalez about returning to work since he had a negative test result, Plaintiff was given the run-around and never put back on the schedule or to work.

15.     This effectively ended Plaintiff's employment.

## COUNT I

## EPSLA OF THE FFCRA- ALL DEFENDANTS

16.     The Plaintiff incorporates by reference paragraphs 1-15 herein.

17.     At all times material to this lawsuit, the Plaintiff was entitled to sick pay benefits afforded under the EPSLA of the FFCRA.

18.     The Defendants unlawfully denied the Plaintiff his sick pay benefits under the FFCRA for up to 80 hours of paid time.

19.     Defendants also discharged Plaintiff due to his need for sick pay benefits under the EPSLA of the FFCRA.

20.     As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages under the EPSLA of the FFCRA.

21.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the EPSLA of the FFCRA.

WHEREFORE, the Plaintiff, JAMES RODGERS, requests that judgment be entered against the Defendants for all damages recoverable under the EPSLA of the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: April 16, 2021.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
F.B.N.: 333920